IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FIRST CLASS TRANSPORTS, INC.**                      **PLAINTIFF**
**F/K/A AND SUCCESSOR IN**
**INTEREST TO FIRST CLASS**
**TRANSPORT, INC.**

v.                                           **CAUSE NO. 1:20-cv-160-LG-RPM**

**CHARLES R. MYERS INSURANCE**
**AGENCY**                                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE**

**BEFORE THE COURT** is the [6] Motion to Dismiss for Improper Venue filed by Defendant, Charles R. Myers Insurance Agency. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion should be denied.

### BACKGROUND

Plaintiff, First Class Transports, Inc., instituted this action on May 4, 2020. (Compl., ECF No. 1). Plaintiff alleges that Defendant, its insurance broker, failed to timely report an accident to the underwriter after receiving notice of same from Plaintiff. (*Id.* at ¶¶ IV-VII). As a result, Plaintiff was allegedly denied coverage by the underwriter. (*Id.*).

On June 18, 2020, Defendant filed the instant [6] Motion to Dismiss for Improper Venue, arguing that the Southern District of Mississippi is not a proper forum under 28 U.S.C. § 1391. (Mem. Supp. Mot. Dismiss Improper Venue, ECF

No. 9). Defendant argues that no defendant resides in this District and no substantial part of the events giving rise to the claim occurred in this District. Plaintiff opposes the Motion, arguing that events relevant to the action occurred in Gulfport. (Pl.'s Resp. Def.'s Mot. Dismiss Improper Venue, ECF No. 11).

## DISCUSSION

The general venue statute, 28 U.S.C. § 1391, provides that "[a] civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Defendant argues that it "resides . . . in the State of Texas." (Mem. Supp. Mot. Dismiss Improper Venue 4, ECF No. 9). But 28 U.S.C. § 1391(c) provides the definition of "residence" for venue purposes. Specifically, an entity defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Movant has failed to demonstrate that "a substantial part of the events or omissions giving rise to the claim" did not occur in this district. 28 U.S.C. § 1391(b)(2). In an insurer's lawsuit against an insured for additional premiums, the Fifth Circuit observed that "significant events relating to the formation and

execution of the policy occurred in Houston," rendering venue proper in the Southern District of Texas. *Am. Motorists Ins. Co. v. Cellstar Corp.*, 61 F. App'x 119 (5th Cir. 2003). Here, Plaintiff has provided evidence that significant events relative to the formation and execution of the policy occurred in Gulfport, as this is where Plaintiff applied for and procured the relevant policy, paid premiums, and communicated with Defendant. *See, e.g., Home Healthcare Affiliates of Miss. v. Am. Heartland Health Admin'rs, Inc.*, No. 1:01CV489-D-A, 2002 WL 31051009, at *4 (N.D. Miss. Aug. 8, 2002) (finding venue proper in the Northern District of Mississippi, where the plaintiff employer was located, in a dispute with a third-party administrator over its handling of employee health insurance benefits). Even if "a substantial part of the activities giving rise to plaintiff's claims occurred" elsewhere, "that does not disqualify Mississippi as a proper venue, if a substantial part of the activities also took place in Mississippi." *Street v. Smith*, 456 F.Supp.2d 761, 765-66 (S.D. Miss. 2006).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [6] Motion to Dismiss for Improper Venue filed by Defendant, Charles R. Myers Insurance Agency, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE